PER CURIAM:
This cause came on to be heard, pursuant to notice duly published in the Florida Bar Journal, upon the Petition of the Florida Bar for Amendment of Article XI of the Integration Rule relating to disciplinary procedures. The matter was duly argued before the Court, en banc, April 10th, 1969, by counsel for the Florida Bar; Honorable Parks Carmichael of the Gainesville Bar, an objector to the amendment; Honorable Willard Ayres of the Ocala Bar, an objector to the amendment; Honorable Paul A. Louis of the Miami Bar, an objector to the amendment. Upon consideration of such argument and of the briefs filed in this cause by the respective parties together with the “Motion of Individual Attorney” Bernard J. Penn of the Pensacola Bar, the Court finds that, with the exceptions hereafter noted, the petition should be granted and Article XI of the Integration Rule should be amended and revised as set forth in the proposed Rule attached to said Petition.
I.
Article XI of the Integration Rule as proposed in the Petition of The Florida Bar is hereby adopted with the following revisions, deletions and additions, viz:
1. The following language in Rule 11.02 (4) is stricken:
[A]nd each member of The Florida Bar shall maintain complete books of account (including supporting documents) relating to all monies of any client so entrusted to him, recording therein the times and amounts of all receipts and disbursements and the basis or necessity therefor. Such records shall be preserved for not less than six years subsequent to the transactions therein described, shall be available for reasonable inspection by the client, and shall be produced by the member of The Florida Bar upon request for inspection by a grievance committee, referee or the Board of Governors, when such committee, referee or Board is conducting proceedings pursuant to these rules wherein such records or the transactions therein described or which should therein be described are relevant.
2. All of Rule 11.03(2) (d) is stricken and the following inserted in lieu thereof, viz :[1]
Terms. The terms of the members shall begin on the first day of July and shall end on the next succeeding 30th day of June or until such time as their successors are appointed and qualified. Continuous service of a member shall not exceed two (2) years, nor shall any member be reappointed for a period of five (5) years after the end of his term: Provided, however, the expiration of the term of any member shall not disqualify such member from con- *882 eluding any investigation then pending before him.
3. Rule 11.03(3) is amended by adding the following language thereto: “All retired Supreme Court, District Court of Appeal and Circuit Judges shall be eligible, with their consent, to serve as referee.”
4. Rule 11.09(3) (c) is stricken and the following inserted in lieu thereof:
The party first seeking review shall file a brief in support of the petition for review at the time of the filing of the petition. The opposing party shall file an answering brief within twenty (20) days after the service of the brief of the party seeking review, which answering brief shall also support any cross-petition for review. The party originally seeking review may file a reply brief within ten (10) days after the service of the answering brief.
5. Rule 11.09(3) (d) is stricken and the following inserted in lieu thereof:
Request for oral argument shall be filed in every case wherein a petition for review is filed, at the time of filing the first brief. If no request is filed the case will be disposed of without oral argument.
6. Rule 11.11(1) (b) is stricken and the following inserted in lieu thereof:
The petition shall be in such form and shall be accompanied by such exhibits as the Board of Governors shall prescribe. The information required concerning the petitioner may include any or all of the following matters in addition to such other matters as may be reasonably required to determine the fitness of the petitioner to resume the practice of law: criminal and civil judgments; disciplinary judgments; copies of income tax returns together with consents to secure original returns; occupation during disbarment and information in connection therewith; financial statements; statement of restitution of funds which were the subject matter of disciplinary proceedings.
7.Strike the words “two (2) years” in Rule 11.11(11) and insert in lieu thereof the words “one (1) year.”
II.
The Court considers the expeditious disposition of disciplinary proceedings under the Rule hereby approved to be essential to proper and efficient administration of justice in this state, and the protection of the public and the member of the bar being investigated. All persons charged with any responsibility under this rule shall give priority in the performance of his duties to the solemn obligations imposed under this Rule.
III.
This Rule shall take effect June 30, 1969, at midnight. All proceedings in which formal complaints have been filed on June 30, 1969, or prior thereto, shall be governed by the Rule presently in force.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, CARLTON, ADKINS and BOYD, JJ., concur.
EXHIBIT
Article XI, as Revised, Effective June 30, 1969
Article XI
RULES OF DISCIPLINE
The exclusive jurisdiction of the Supreme Court over the discipline of persons admitted to the practice of law shall be administered in the following manner subject to the supervision and review of the Court.
RULE 11.01: PRINCIPLES AND DEFINITIONS
(1) Notice and knowledge of rules. Every member of The Florida Bar is *883 within the jurisdiction of this Court and its agencies under this Rule and is charged with notice and held to know the provisions of this rule and the standards of ethical and professional conduct prescribed by this Court.
(2) Process. Every member of The Florida Bar is charged with notice of the provisions of Section 6 of Article II relating to change of mailing address or military status and that mailing by registered or certified mail of papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the Executive Director of The Florida Bar shall be sufficient notice and service unless this Court shall direct otherwise.
(3) Definitions. Wherever used in these rules the following words or terms shall have the meaning herein set forth unless the use thereof shall clearly indicate a different meaning:
(a) The accused or accused attorney: a member of The Florida Bar who has been accused of misconduct or whose conduct is under investigation, but as to which conduct there has been no finding of either probable cause or no probable cause.
(b) Bar Counsel: a member of The Florida Bar appointed to represent The Florida Bar in any proceeding under these rules.
(c) The Board, or the Board of Governors : The Board of Governors of The Florida Bar.
(d) Complainant or complaining witness: any person who has complained of the conduct of any member of The Florida Bar to any officer or agency of The Florida Bar.
(e) This Court, or the Court: The Supreme Court of the State of Florida.
(f) Court of this State: a state court authorized and established by the Constitution or laws of the State of Florida.
(g) Executive Committee: The Executive Committee of the Board of Governors of The Florida Bar.
(h) Executive Director: the Executive Director of The Florida Bar.
(i) Probable cause: a finding by an authorized agency that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action.
(j) Referee: a member of The Florida Bar appointed to conduct proceedings as provided under these rules.
(k) Respondent: a member of The Florida Bar against whom there has been a finding of probable cause.
(l) Staff counsel: an employee of The Florida Bar elsewhere authorized. When used in this rule, the term shall include associate or assistant staff counsel.
RULE 11.02: BREACHES OF DISCIPLINE
The following principles, among others expressly adopted by this Court, shall govern the conduct of members of The Florida Bar in their capacity as attorneys and shall govern all proceedings for discipline of such members: A license to practice law confers no vested right to the holder thereof, but is a conditional privilege revokable for cause. The primary purpose of discipline of attorneys is the protection of the public, the legal profession, and the administration of justice, as well as the discipline of members of the Bar. It is the responsibility of this Court to purge the Bar of those unworthy to practice law in this State and it is the obligation of The Florida Bar and the individual members thereof to give unlimited cooperation and assistance to this Court in the discharge of this responsibility. The Florida Bar is expressly delegated the authority, power and duty to maintain high ethical standards and to take such proceedings as authorized in these rules in insure such standards in the Bar of Florida.
*884 (1) Oath. Violation of the oath taken by an attorney to support the Constitutions of the United States and the State of Florida is ground for disciplinary action. Membership in, alliance with, or support of the Communist Party or any organization, group or party advocating or dedicated to the overthrow of the government by violence or by any means in violation of the Constitution of the United States or Constitution of this State shall be a violation of the oath.
(2) Code of ethics. Violation of the Rules of Professional Conduct as adopted by Article X of the Integration Rule is a cause for discipline.
(3) Moral conduct.
(a) Standards. The standards of professional conduct to be observed by members of the Bar are not limited to the observance of rules and avoidance of prohibitive acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act contrary to honesty, justice or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.
(b) Crime. If the alleged misconduct constitutes a felony or misdemeanor, The Florida Bar may initiate disciplinary action whether or not the accused attorney has been tried, acquitted or convicted in a court for the alleged criminal offense; however, the Board of Governors may, in its discretion, withhold prosecution of disciplinary proceedings pending the outcome of criminal proceedings against an accused attorney if the Board believes that prosecution thereof might tend to prejudice the accused attorney in his defense or the State in the prosecution of the criminal proceedings.
(4) Trust funds and fees. Money or other property entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose. Money and other property of clients coming into the hands of an attorney are not subject to counterclaim or setoff for attorney fees, and a refusal to account for and. deliver over such property and money upon demand shall be deemed a conversion. This is not to preclude the retention of money or other property upon which the lawyer has a valid lien for his services or to preclude the payment of agreed fees from the proceeds of transactions or collections. Controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is extortionate or the demand is fraudulent.
(5) Solicitation. The solicitation of professional employment by advertisement, runners, solicitors, investigators, or in any other manner shall constitute grounds for disciplinary action. Payment of compensation shall not be a necessary element of proof of solicitation.
(6) Discipline by foreign jurisdiction. A final adjudication by a court or other authorized agency of another jurisdiction, state or federal, in a disciplinary proceeding that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule. In such cases the adjudication of misconduct shall be sufficient basis for the filing of a complaint by The Florida Bar and assignment for hearing before a referee without a finding of probable cause under these rules.
RULE 11:03: DISCIPLINARY AGENCIES
The jurisdiction of the Supreme Court shall be administered in the manner hereinafter stated. The following entities are hereby designated as agencies of the Supreme Court for this purpose and with the *885 following responsibilities, jurisdiction and powers:
(1) The Board of Governors of The Florida Bar. The Board of Governors of The Florida Bar is assigned the responsibility of maintaining high ethical standards among all its members. The Board of Governors of The Florida Bar shall supervise and conduct disciplinary proceedings in accordance with the provisions of these rules.
(a) Executive Committee. All acts and discretion required of the Board of Governors under these Rules of Discipline may be exercised by its Executive Committee between meetings of the Board of Governors.
(b) Executive Director. All matters to be filed with or served upon the Board of Governors shall be addressed to the Board of Governors and filed with the Executive Director. The Executive Director shall be the custodian of the official records of The Florida Bar.
(2) Grievance committees. There shall be such grievance committees as are herein provided, each of which shall have the authority and jurisdiction required to perform the functions hereinafter assigned to them, and which shall be constituted and appointed as follows:
(a) Circuit grievance committees. There shall be not less than one grievance committee in each judicial circuit of this State, and as many more in each judicial circuit as shall be found desirable by the Board of Governors. Such committees shall be designated as Judicial Circuit Grievance Committees, and in circuits having more than one committee they shall be identified by alphabetical designation in the order of creation such as “First Judicial Circuit Grievance Committee ‘A’,” “First Judicial Circuit Grievance Committee ‘B’,” and so forth. Such committees shall be continuing bodies notwithstanding changes in membership and they shall have jurisdiction and the power to proceed in all matters properly before them.
(b) Special grievance committees. The Board of Governors may from time to time appoint special grievance committees for the purpose of such investigations as may be assigned in accordance with these rules. Such committees shall continue only until the completion of tasks assigned, and they shall have jurisdiction and power to proceed in all matters so assigned to them. All provisions concerning grievance committees shall be applicable to special grievance committees except those concerning terms of office and other restrictions thereon as may be imposed by the Board of Governors. Any vacancies occurring in such a committee shall be filled by the Board of Governors, and such changes in members shall not affect the jurisdiction and power of the committee to proceed in all matters properly before it.
(c) Membership, appointment. Each grievance committee shall be appointed by the Board of Governors and shall consist of not less than three members of The Florida Bar, each of whom shall have been a member of The Florida Bar for not less than five years.
(d) Terms. The terms of the members shall begin on the first day of July and shall end on the next succeeding 30th day of June or until such time as their successors are appointed and qualified. Continuous service of a member shall not exceed three (3) years, nor shall any member be reappointed for a period of three (3) years after the end of his term: Provided, however, the expiration of the term of any member shall not disqualify such member from concluding any investigation then pending before him. The limitation on continuous service shall be applicable to terms commencing after June 30, 1970.
(e) Officers. There shall be a chairman designated by the Board of Governors and a vice-chairman and secretary designated by the chairman on each committee.
(f) Oath. Each new member of a committee shall subscribe to an oath to fulfill the duties of his office. Such oaths shall *886 be filed with the Executive Director and placed with the official records of The Florida Bar.
(g) Removal. Any member may be removed from his office by the Board of Governors.
(h) Quorum, vote. A majority of a committee but not less than three members shall constitute a quorum. All findings of probable cause and of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee present, which majority must number at least three members.
(3) Referees. The Board of Governors shall annually or as often as necessary recommend members of The Florida Bar to this Court to act as referees in disciplinary proceedings. This Court will certify annually or as often as necessary a panel of those approved to act as referees. All retired Supreme Court, District Court of Appeal and Circuit Judges shall be eligible, with their consent, to serve as referee.
(4) Staff counsel. The Board of Governors may employ staff counsel for The Florida Bar to perform such duties under the direction of the Executive Director as may be assigned.
(5) Bar counsel. The Board of Governors from time to time shall designate a panel of members of The Florida Bar to serve as bar counsel to represent The Florida Bar in such disciplinary proceedings as the Board of Governors may direct. Bar counsel shall not be a member of the Board of Governors, a grievance committee or a member of the panel of referees, except that a member of the Board of Governors may represent The Florida Bar on any review proceeding under Rule 11.09.'
(6) Jurisdiction and powers. The Board of Governors, grievance committees and referees have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or cause, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses and to order the production of books, records or other documentary evidence. Each member of such agencies has power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the agency.
(7)Disqualification as trier and attorney for respondent. No member or former member of the Board of Governors and no employee or former employee of The Florida Bar shall represent any party other than The Florida Bar in proceedings provided for in these rules until at least three (3) years from the date of expiration of the term for which he was appointed or elected or subsequent to the date of the termination of his employment;- nor shall any member or former member of any grievance committee represent an accused attorney or act as referee in any such proceeding during the term for which he was appointed and for one year thereafter; nor in any case shall a member or former member of a grievance committee or a referee represent an accused attorney or act as bar counsel in any proceeding investigated or heard to any extent before him in such offices.
RULE 11.04: GRIEVANCE COMMITTEE FUNCTION AND PROCEDURE
(1) Purpose. The purpose and function of a grievance committee is to conduct investigations of alleged misconduct of a member of The Florida Bar justifying disciplinary action and to determine whether or not to make a finding of probable cause. A grievance committee may discipline for minor misconduct.
(2) Proceedings.
(a) Investigation. A grievance committee is required to consider all charges of misconduct whether based upon a written complaint or not.
(b) Non-adversary. The proceedings of such grievance committees may be informal and shall not assume the character of an adversary proceeding. The committee shall not be bound by the Rules of Evidence.
*887 (c) No delay for civil or criminal proceedings. An investigation shall not be deferred or suspended without the approval of the Board of Governors even though the accused is made a party of civil litigation, or is a defendant or is acquitted in a criminal action, notwithstanding that either of such proceedings involves the subject matter of the investigation. The acquittal of an accused in a criminal proceeding shall not necessarily be a bar to disciplinary proceedings nor shall the findings, judgment or decree of any court in civil proceedings necessarily he binding in disciplinary proceedings.
(d) Meetings. Grievance committees shall meet at regularly scheduled times, not less frequently than quarterly each year, and either the chairman or secretary may call special meetings.
(e) Bar counsel. A grievance committee may request the President of The Florida Bar to appoint bar counsel at any stage of an investigation to assist the grievance committee.
(3) The accused. The accused may be required to testify and to produce evidence as any other witness, and when so required he may be accompanied by counsel. The accused has no right to be present or to be heard during an investigation, but before any finding of probable cause is made the accused shall be advised in general terms the nature of the conduct which is being investigated, and he shall be given an opportunity to make a statement, personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct. The accused shall have no right to present other testimony or evidence, and he shall have no right of confrontation or cross-examination.
(4) Testimony of witnesses; contempt. The accused attorney or any other person who is subpoenaed to appear and give testimony or to produce books, papers or documents, and who refuses to appear or produce such books, papers or documents before the grievance committee or who, having been duly sworn to testify, refuses to answer any proper question, may be cited for contempt of this Court. Any contempt proceedings instituted or prosecuted during the progress of an investigation or trial covered by the confidential rule shall be conducted in a manner consistent with such rule and shall not be made public except under conditions prescribed in such rule.
(5) Complainant or complaining witness. The complainant or complaining witness is not a party to the disciplinary proceeding and shall have no right to be present during the grievance committee proceedings except when called to give evidence and when so called may be accompanied by counsel. Neither the complainant nor his counsel shall have the right of confrontation or cross-examination of the accused or any other witness. Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise, nor restitution will excuse the completion of an investigation. The complaining witness shall have no right of appeal.
(6) Record and report of grievance committee.
(a) No finding of prohable cause. If a grievance committee upon termination of its investigation does not find probable cause, the committee shall dispose of its file in the manner directed by the Board of Governors. If the grievance committee has notified the accused of the investigation, then the committee shall notify the accused of the action of the committee. The failure of a grievance committee to find probable cause shall not preclude further proceedings.
(b) Finding of probable cause. If a grievance committee finds probable cause, the committee shall prepare a record of its investigation and a report and file the’same with the Executive Director, the report being filed in duplicate. The record and report shall be in such form and with such content as shall be prescribed by the Board of Governors. Such record and report shall be reviewed by staff counsel. Should staff counsel question the grievance committee’s *888 finding of probable cause, further proceedings shall be suspended and the matter referred to the Board of Governors. When a finding of probable cause by a grievance committee is not referred to the Board of Governors, the Executive Director shall furnish a copy of the report to the accused, and a copy of the record shall be made available to the accused at his expense.
(c) Discipline of minor misconduct. If a grievance committee finds an accused guilty of minor misconduct as hereafter defined, or if an accused shall admit his guilt of this misconduct by a writing filed with a grievance committee, the grievance committee may enter an order providing for a private reprimand and for the taxing of costs against him. An order for private reprimand shall become final 15 days after the service of a copy upon the accused, or 15 days after the filing of a copy with the Executive Director, whichever shall last occur, unless within this time the accused shall file with the grievance committee his written rejection of the order, or the Board of Governors or the Executive Committee thereof shall suspend the order. If an order for private reprimand does not become final, the grievance committee shall consider whether to make a finding of probable cause. Minor misconduct is defined as a breach of the standards of ethical and professional conduct by a member of The Florida Bar who has not been disciplined by a grievance committee more than once within the ten years immediately preceding the order, who has not been otherwise disciplined by The Florida Bar within such period, and who is not the subject of other pending disciplinary proceedings at the time of the order, but which misconduct does not involve any of the following matters: fraud or dishonesty; commission of a felony; misrepresentation or deceit; failure to account for money or property of a client; performance of the offending acts with the knowledge and intent that such would breach the standards of ethical and professional conduct; misconduct similar to that for which the accused has been previously disciplined.
(7) Status reports. The status or disposition of all disciplinary matters considered by the grievance committees shall be reported quarterly to the Board of Governors on a report form prescribed by the Executive Director. Grievance committees shall file monthly written reports with the President of The Florida Bar for all complaints pending more than three months, including an explanation for the delay in concluding the investigation.
RULE 11.05: BOARD OF GOVERNORS FUNCTION AND PROCEDURE
No formal complaint shall be filed by The Florida Bar in disciplinary proceedings against a member of the Bar unless either a grievance committee or the Board of Governors shall first find that probable cause exists to believe that the accused is guilty of misconduct justifying disciplinary action or unless the accused has been determined or adjudged to be guilty of the commission of a felony. The finding of probable cause shall be made by a grievance committee as hereinbefore provided or by the Board of Governors as hereinafter provided.
(1) Review of grievance committee report. Whenever a grievance matter is referred to the Board of Governors by staff counsel, the Board shall review the record and report filed by the grievance committee and may either confirm the finding of probable cause, reverse°the grievance committee and find no probable cause, or return the record and report to the grievance committee for further proceedings. If the Board of Governors shall find no probable cause, the Executive Director shall notify the accused attorney, the grievance committee and may notify the complaining witness.
(2) Finding of probable cause. The Board of Governors of The Florida Bar, sua sponte or on the basis of the report of any regular or special grievance committee or on the recommendation and report of bar counsel, may by majority vote find probable cause and direct the filing of a formal *889 complaint against an attorney as hereinafter provided. Provided, however, that if such finding is not based upon grievance committee investigation or report of bar counsel in pending proceedings against the accused, then before such finding is made the accused shall be advised in general terms the nature of the conduct which is being considered, and he shall be given an opportunity to make a statement, personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct. The accused shall have no right to present other testimony or evidence, and he shall have no right of confrontation or cross-examination.
(3) Finding of no probable cause. A finding of no probable cause by the Board of Governors shall be final and after such finding no further proceedings shall be had in the matter by The Florida Bar.
(4) Appointment of bar counsel. When a grievance committee finding of probable cause is not referred to the Board of Governors, the Executive Director shall request the President of The Florida Bar to appoint bar counsel unless bar counsel has been appointed, and to assign a referee to try the cause. The President of The Florida Bar will exercise his discretion in making the appointments. If probable cause is found by the Board of Governors and bar counsel or the referee has not been appointed, the appointment shall be made by the Board of Governors.
(5) Control of proceedings. Bar counsel, however appointed, at all times shall be subject to the direction of the Board of Governors. In the exercise of its discretion as the governing body of The Florida Bar, the Board of Governors at all times has the power to terminate disciplinary proceedings before a referee, whether such proceedings have been instituted upon a finding of probable cause by the Board of Governors or a grievance committee. The Board may defer or withhold prosecution when, in the opinion of the Board, further proceedings would not be in the interest of the public or The Florida Bar.
RULE 11.06: TRIAL BY REFEREE
When a finding has been made by a grievance committee or by the Board of Governors that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action, and such finding of probable cause has been assigned for trial before a referee, the proceeding thereafter shall be an adversary proceeding in which the accused is the respondent and which shall be conducted as follows:
(1) Venue. The trial shall be held in the county in which an alleged offense occurred, or in the county where the respondent resides or practices law or last practiced law in Florida, whichever shall be designated by the agency finding probable cause; provided, however, that if the respondent is not a resident of Florida and the alleged offense is not committed in Florida, the trial shall be held in a county designated by the agency finding probable cause; and provided further that the trial may be held in any county by agreement of the parties.
(2) Style of proceedings. All proceedings instituted by The Florida Bar shall be styled “The Florida Bar, complainant v. (name of respondent), respondent.”
(3) Nature of proceedings.
(a) Administrative in character. A disciplinary proceeding is neither civil nor criminal but is a quasi judicial administrative proceeding.
(b) Discovery. Discovery shall be available to the parties in accordance with the Florida Rules of Civil Procedure.
(4) Bar counsel. Bar counsel shall make such investigation as in his opinion is necessary and shall prepare and prosecute with utmost diligence any case assigned to him.
*890 (5). Pleadings. Pleadings may be informal and shall comply with the following requirements:
(a) Complaint; consolidation and severance.
(i) Piling. The complaint against the respondent shall be filed by bar counsel not later than 30 days after appointment of a referee.
(ii) Content. The complaint shall set forth the particular act or acts of conduct for which the attorney is sought to be disciplined.
(iii) Joinder of charges and respondents; severance. A complaint may embrace any number of charges against one or more respondents, and charges may be against any one or any number of respondents; but a severance ^may be granted by the referee when the ends of justice require it.
(b) Answer and motion. Respondent may answer the complaint, and as a part thereof or by separate motion may challenge only the sufficiency of the complaint and the jurisdiction of the forum. All other defenses shall be incorporated in respondent’s answer. All pleadings of the respondent must be filed within twenty (20) days of service of a copy of the complaint upon him.
(c) Reply. If respondent’s answer shall contain any new matter or affirmative defense, a reply thereto may be filed within ten (10) days of the date of service of a copy upon bar counsel, but failure to file such a reply shall not prejudice The Florida Bar. All affirmative allegations in the respondent’s answer shall be considered as denied by The Florida Bar.
(d) Disposition of motions. Hearings upon motions may be deferred until the final hearing; and whenever heard, rulings thereon may be reserved until termination of the final hearing.
(e) Filing of pleadings.
(i) Complaint and answer. The complaint and answer or other appropriate pleading shall be filed in quadruplicate with the Executive Director. If there is more than one attorney charged in the complaint, one additional copy of all pleadings shall be filed for each respondent in excess of one.
(A) Service. Copies of the complaint and answer or other appropriate pleading filed by the respondent replying to the complaint shall be served upon the proper person by the Executive Director as elsewhere provided in these rules.
(B) To referee. The Executive Director shall transmit such original pleadings to the referee before trial or at such other time as may be directed by the referee.
(ii) Subsequent pleadings. With reference to all subsequent pleadings and motions, the original shall be filed with the referee and a copy thereof sent to the Executive Director and to each respondent in the proceeding.
(f) Amendment. Pleadings may be amended by order of the referee, and a reasonable time shall be given within which to respond thereto.
(g) Expediting the trial. If it shall be made to appear that the date of final hearing should be expedited in the public interest, the referee may, in his discretion, shorten the time for filing pleadings and the notice requirements as provided in this rule.
(h) Disqualification of referee. Upon motion of either party a referee may be disqualified from serving in the same manner and to the same extent that a circuit judge may be disqualified under existing law from acting in a judicial capacity. In the event of disqualification the Board of Governors shall appoint a successor.
(6) Notice of final hearing. The cause may be set down for trial by either party or the referee upon not less than ten (10) days notice. The trial shall be held as soon *891 as possible following the expiration of ten (10) days from the filing of respondent’s answer, or if no answer is filed, then from the date when such answer is due.
(7) The respondent. The respondent may be called as a witness by The Florida Bar to make specific and complete disclosure of all matters material to the issues. When the respondent attorney is subpoenaed to appear and give testimony or to produce books, papers or documents, and he refuses to appear or to produce such books, papers or documents, or, having been duly sworn to testify, he refuses to answer any proper question, he may be cited for contempt of this Court.
(8) Complaining witness. The complaining witness shall have no rights other than those of any other witness; he has no right to be present during a hearing or trial but he may be called upon to testify and produce evidence as any other witness. Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise nor restitution will excuse failure to complete any trial.
(9) Referee's report.
(a)Contents of report. Within thirty (30) days after the conclusion of a trial before a referee, or within such extended period of time as may be allowed by the President of The Florida Bar for good cause shown, the referee shall make a report and enter it as part of the record. The referee’s report shall include (1) a finding of fact as to each item of misconduct of which the respondent is charged, (2) recommendations as to whether or not the respondent should be found guilty of misconduct justifying disciplinary measures, (3) recommendations as to the disciplinary measures to be applied and (4) a statement of the costs of the proceedings and recommendations as to the manner in which costs should be taxed. The costs shall include court reporters’ fees, witness fees and traveling expenses and reasonable traveling and out-of-pocket expenses of the referee and bar counsel, if any. Within five (5) days after the entry of findings of the referee, the record of the proceedings shall be filed as hereinafter provided and copies of the report of the referee served upon bar counsel and upon the respondent.
(b) Filing. The referee’s report and record of proceedings shall in all cases be transmitted to the Executive Director of The Florida Bar for appropriate filing. A referee’s report which contains a finding of guilt and a recommendation of public reprimand, suspension from practice or disbarment shall be filed promptly by the Executive Director directly in the Supreme Court and shall thereafter be subject to review by either party as hereinafter provided. A referee’s report containing a finding of not guilty or a finding of guilty with a recommendation of private reprimand shall not be filed in the Supreme Court unless review is sought as hereinafter provided.
(c) Action by the Board of Governors.
(i) If the report of the referee contains a finding of not guilty, the Board of Governors may either concur in such finding and dismiss the charges; find the respondent guilty of misconduct and issue a private reprimand; or find the respondent guilty and deserving of a public reprimand, suspension or disbarment and seek review of the finding of the referee in the Supreme Court as provided in Rule 11.09. If the report of the referee contains a finding of guilty and a recommendation of private reprimand, the Board may either find the respondent not guilty and dismiss the charges; concur with the referee and issue a private reprimand; or seek review of the recommended discipline in the Supreme Court as provided in Rule 11.09.
(ii) If the Board of Governors disagrees with a referee’s report finding the respondent guilty, the Board shall have the right to file a motion in the Supreme Court to have the charges dismissed.
(iii) If the Board of Governors disagrees with the discipline recommended in a ref *892 eree’s report finding the respondent guilty, the Board may seek review in the Supreme Court as provided in Rule 11.09.
(10) The record.
" (a) Reporting of testimony. All hearings at which testimony is presented shall be reported and the transcript of the testimony shall be filed in the cause.
(b)Contents. The record shall include all items properly filed in the cause including pleadings, transcript of testimony, exhibits in evidence and report of referee.
(11) Plea of guilty by accused or respondent. At any time during the progress of disciplinary proceedings an accused attorney or respondent may tender a plea of guilty.
(a) Before filing of complaint. If the plea is tendered before filing of a complaint by bar counsel such plea shall be tendered in writing to the Board of Governors. The Board may direct such further investigation as is warranted and formulate charges and serve such charges upon the accused so that he may enter his plea of guilty thereto in writing by filing the same with the Executive Director within ten (10) days thereafter. Thereafter the Board of Governors shall consider the charges and either order a private reprimand or petition the Supreme Court for entry of judgment imposing other discipline.
(b) After filing of complaint. If the complaint has been filed against the respondent by bar counsel he may enter a plea of guilty thereto by filing the same in writing with the referee to whom the cause has been assigned for trial. Such referee shall take such testimony in relation thereto as he may be advised, following which he will enter his report as otherwise provided.
(c) Unconditional. A plea of guilty shall be unconditional in terms, but shall not preclude review as to disciplinary measures imposed.
(d)Procedure. Except as herein provided all procedure in relation to disposition of the cause on plea of guilty shall be as elsewhere provided in these rules.
(12)Private reprimand. A private reprimand ordered by the Board of Governors shall be administered so as not to violate the rule concerning the confidential nature of disciplinary proceedings. Due notice shall be given to the respondent of any hearing to administer the reprimand. The respondent shall appear personally, if required, and a memorandum of the hearing shall be made a part of the record of the proceeding.
RULE 11.07: DISCIPLINE UPON CONVICTION
(1) Determination or judgment of guilt. Determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon trial or plea of any crime or offense that is a felony under the laws of this State, or under the laws under which any other court making such determination or entering such judgment exercises its jurisdiction, shall be conclusive proof of the guilt of the offense charged for the purposes of these rules. Under such determination or entry of such judgment of guilt by any court of this State, the judge or the clerk thereof shall transmit a certified copy of such determination or judgment to the Clerk of this Court and to the Executive Director of The Florida Bar.
(2) Suspension by judgment (Florida). If such judgment of guilt is entered by a court of the State of Florida, the convicted attorney shall stand suspended as a member of The Florida Bar on the 11th day following the entry of the judgment unless he shall before that day file a petition with the Supreme Court to modify or terminate such suspension as elsewhere provided. If such petition is filed on or before the 10th day following the entry of the judgment, the suspension will be thereby deferred until entry of an order upon the petition.
*893 (a) Petition to modify or terminate suspension. At any time after the entry of a judgment of guilt, the convicted attorney may file a petition with the Supreme Court to modify or terminate such suspension and shall serve a copy thereof upon the Executive Director. An opportunity to respond to the petition and appear at any hearing on the petition shall be afforded to The Florida Bar. If such petition is filed after the 10th day following the entry of judgment of guilt, the suspension shall remain in effect pending disposition of the petition. Modification or termination of suspension shall be granted only upon a showing of good cause.
(b) Continuation of suspension until final disposition. If an appeal is taken by the convicted attorney from the judgment of the trial court in the criminal proceeding, and on review the cause is remanded for further proceedings, the suspension shall remain in effect until the final disposition of the criminal cause unless modified or terminated by the Supreme Court as elsewhere provided.
(c) Termination of suspension. Such suspension shall continue until final disposition of the criminal cause unless sooner terminated by order of the Supreme Court as elsewhere provided. A final disposition of the criminal cause resulting in acquittal will terminate the suspension. A final termination of the criminal cause resulting in a determination or judgment of guilt shall continue the suspension until expiration of all periods for appeal and rehearing, and until after termination of disciplinary proceedings by The Florida Bar as elsewhere provided.
(3) Suspension by judgment (other than by state court). If any such determination or judgment of guilt is entered by any court other than a court of the State of Florida, the convicted attorney shall stand suspended as a member of The Florida Bar on the 11th day following the filing with the Clerk of the Supreme Court of a certified copy of such determination or judgment, accompanied by proof of service of notice of such filing upon the convicted attorney; provided, however, that if the convicted attorney shall prior to the 11th day file a petition with the Supreme Court to modify or terminate the suspension, then the suspension will be deferred until entry of an order upon the petition.
(4) Disciplinary judgment after conviction. If a determination or judgment of guilt of a felony is entered against a member of The Florida Bar and becomes final without appeal or by affirmance on appeal, such judgment shall be conclusive proof of the guilt of the offense charged. The Florida Bar may thereafter petition the Supreme Court for issuance of a notice to the convicted attorney to show cause why appropriate disciplinary judgment should not be entered. The respondent attorney may, within fifteen (15) days, file his return with the Clerk of the Supreme Court. The Court shall direct such further proceedings as may be appropriate.
RULE 11.08: RESIGNATION PENDING DISCIPLINARY PROCEEDINGS
An attorney may resign from The Florida Bar during the progress of disciplinary proceedings against him in the following manner.
(1) Definition. If a disciplinary agency is investigating the conduct of an attorney, or if such an agency has recommended probable cause, then disciplinary proceedings shall be deemed to be pending and the resignation shall be made pursuant to this rule.
(2) Petition for leave to resign. The petition for leave to resign shall be filed with the Supreme Court and shall contain a statement of all past and pending disciplinary actions and criminal proceedings against the petitioner. Such statement shall describe the charges made or under investigation for professional misconduct, results of past proceedings and the status of pending investigations and proceedings. A copy of the petition shall be served upon *894 the Executive Director of The Florida Bar.
(3) Judgment. Within thirty (30) days after filing and service of the petition The Florida Bar may file with the Supreme Court its response to the petition either supporting or opposing the petition for leave to resign. A copy of the response shall be served upon petitioner. The Supreme Court shall consider the petition, any response thereto and the- charges against the accused. If it has been shown by the petitioner in a proper and competent manner that the public interest will not be adversely affected by the granting of the petition, and that such will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession, the Supreme Court shall enter an appropriate judgment granting leave to resign; otherwise, the petition shall be denied. If the judgment grants to the petitioner leave to resign, the judgment may require that the resignation be subject to appropriate conditions.
(4) Delay of disciplinary proceedings. The filing of a petition for leave to resign pending disciplinary proceedings shall not stay the progress of the disciplinary proceedings without the approval of the Supreme Court.
RULE 11.09: REVIEW BY SUPREME COURT
All reports of a referee and all judgments entered in proceedings under these rules shall be subject to review by the Supreme Court in the following manner:
(1) Right of review. Any party to a proceeding may procure review of a report of a referee or a judgment, or any specified portion thereof, entered under the Integration Rule.
(2) Appointment of bar counsel. The Board of Governors may appoint new or additional bar counsel to represent The Florida Bar on any review.
(3)Procedure for review. Review by the Supreme Court shall be in accordance with the following procedure:
(a) Proceedings for review shall be commenced within sixty (60) days after the filing of the report of the referee or the judgment with the Supreme Court, or the entry of a judgment of private reprimand by the Board of Governors, by filing with the Supreme Court a petition for review specifying those portions of the report of a referee or judgment sought to be reviewed; provided, however, that proceedings for review of a referee’s report which does not contain a finding of guilt and a recommendation of public reprimand, suspension from practice or disbarment shall be commenced within sixty (60) days after the report is received by the Executive Director of The Florida Bar. Within ten (10) days after service of such petition the opposing party may file a cross-petition for review specifying any additional portion of the report or judgment which said party desires reviewed. The filing of such petition or cross-petition shall be jurisdictional as to a review to be procured as a matter of right.
(b) Record on review. A referee’s report containing a finding of guilt and a recommendation of public reprimand, suspension or disbarment shall be filed by the Executive Director of The Florida Bar directly in the Supreme Court accompanied by the record of proceedings. When review sought is of a referee’s report which has not been filed in the Court or from action by the Board of Governors based thereon, the referee’s report and record of proceedings shall be promptly filed in the Supreme Court by the Executive Director of The Florida Bar upon the filing of a petition for review. If the review sought is of an order or judgment from a circuit court, the clerk of the court shall forward the entire record to the Supreme Court within ten (10) days after the filing with such clerk of a copy of the petition for review, or within ten (10) days after the *895 filing of the transcript of testimony, whichever shall last occur.
(c) Briefs. The party first seeking review shall file a brief in support of the petition for review at the time of the filing of the petition. The opposing party shall file an answering brief within twenty (20) days after the service of the brief of the party seeking review, which answering brief shall also support any cross-petition for review. The party originally seeking petition for review may file a reply brief within ten (10) days after the service of the answering brief.
(d) Oral argument. Request for oral argument shall be filed in every case wherein a petition for review is filed, at the time of filing the first brief. If no request is filed the case will be disposed of without oral argument.
(e) Burden. Upon review, the burden shall be upon the party seeking review to demonstrate that a report of a referee or a judgment sought to be reviewed is erroneous, unlawful or unjustified.
(f) Judgment of Supreme Court. After review the Supreme Court shall enter an appropriate order or judgment. If no review is sought of a judgment or report of a referee entered under these rules and filed in the court, the court shall enter its judgment thereon.
(4) Precedence of proceedings. Petitions for review in disciplinary proceedings shall take precedence over all other civil causes in the Supreme Court.
(5) Extraordinary writs. All applications for extraordinary writs which are concerned with disciplinary proceedings under these rules of discipline shall be made to the Supreme Court.
(6) Florida Appellate Rules. To the extent necessary to implement this rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to petitions for review in disciplinary proceedings, provided service on The Florida Bar shall be accomplished by service on bar counsel and the Executive Director.
RULE 11.10: DISCIPLINE BY SUPREME COURT
The judgments entered finding members of The Florida Bar guilty of misconduct shall include one or more of the following disciplinary measures:
(1) Probation. The respondent may be placed upon probation for a stated period of time of not less than siix (6) months nor more than three (3) years. The judgment shall state the conditions of the probation which may include the following: Supervision of all or part of the respondent’s work by a member of The Florida Bar; the making of reports to a designated agency; the satisfactory completion of a course of study or a paper on legal ethics approved by the Supreme Court. Failure to observe the conditions of the probation, or a finding of probable cause as to conduct of the respondent committed during the period of probation, shall terminate the probation. In such event, even though such finding of probable cause shall be made after the expiration of the period of probation, the judgment shall be reconsidered and an appropriate judgment shall be entered.
(2) Public Reprimand. A public reprimand" shall be administered in the manner prescribed in the judgment. Due notice shall be given to the respondent of any hearing set down to administer the reprimand. The respondent shall appear personally if required, and a memorandum of the hearing shall be made a part of the record of the proceeding.
(3) Suspension. The respondent may be suspended from the practice of law for an appropriate time or for a definite period of time and an indefinite period thereafter to be determined by the conditions imposed by the judgment. During such suspension the respondent shall continue to be a member of The Florida Bar but without the privilege of practicing; and upon the ex *896 piration of the suspension period and the satisfaction of all conditions accompanying the suspension, the respondent shall become eligible to all of the privileges of membership in The Florida Bar.
(4) Disbarment. A judgment of disbarment without further qualification shall be construed to be disbarment for an indefinite period of time; but the judgment may be stated to be disbarment for an indefinite period of time, or for a definite period of time and an indefinite period thereafter to be determined by the conditions imposed in the judgment. No period of disbarment shall be for less than six (6) months. During disbarment the respondent shall not be a member of The Florida Bar. During any indefinite period of disbarment he may apply for reinstatement in the manner provided by the rule on reinstatement.
RULE 11.11: REINSTATEMENT
An attorney who has been disbarred other than by permanent disbarment, or whose resignation pending disciplinary proceedings has been accepted under conditions which allow reinstatement, may be reinstated to membership in The Florida Bar pursuant to this rule. The proceedings under this rule are not applicable to suspension for non-payment of dues.

(1)Petitions: form, contents, fingerprints.

(a) Filing. The original petition for reinstatement and three (3) copies thereof shall be in writing, verified by the petitioner, addressed to the Board of Governors and filed with the Executive Director at the office of The Florida Bar in Tallahassee. With the filing of his petition the petitioner shall furnish two sets of his fingerprints on record cards furnished by The Florida Bar for this purpose. One (1) copy of the petition shall be promptly filed by the Executive Director with the Clerk of this Court.
(b) Form and exhibits. The petition shall be in such form and shall be accompanied by such exhibits as the Board of Governors shall prescribe. The information required concerning the petitioner may include any or all of the following matters in addition to such other matters as may be reasonably required to determine the fitness of the petitioner to resume the practice of law: criminal and civil judgments; disciplinary judgments; copies of income tax returns together with consents to secure original returns; occupation during disbarment and information in connection therewith; financial statements; statement of restitution of funds which were the subject matter of disciplinary proceedings.
(2) Deposit for cost. The petition shall be accompanied by a deposit in such amount as the Board of Governors shall prescribe to insure payment of reasonable costs of the proceeding. Such costs in the discretion of the Board of Governors may include court reporters’ fees, witness fees and traveling expense, and reasonable traveling expense and out-of-pocket costs of the referee or investigative committee and attorneys for The Florida Bar.'
(3) Reference of petition for hearing. The Board of Governors shall refer the petition for reinstatement for investigation. Such investigation may be by means of formal hearing and findings or otherwise. Such reference shall be in the discretion of the Board of Governors to a referee, a grievance committee of the county where the petitioner resides, or formerly resided, or to a reinstatement committee to be appointed by the Board of Governors. Provided, however, that no such reference shall be made until evidence is submitted showing that all costs assessed against the petitioner in all disciplinary proceedings have been paid. Provided, further, that the petition shall be referred to a referee designated by the Supreme Court if requested by petitioner.
(4) Attorney for the Bar. When a petition for reinstatement is filed, the Board of Governors may appoint, or may request any local Bar Association to appoint, from the active members of The Florida Bar, one or more attorneys to represent The Florida *897 Bar in the proceeding. The duties of such attorneys shall be to appear at the hearings and to prepare and present to said committee or referee evidence which, in the opinion of the committee or referee or such attorneys, should he considered in passing upon the petition.
(5) Procedure. The referee or committee to which the petition for reinstatement is referred shall conduct the investigation as a trial in the same manner, to the extent practical, as proceedings are conducted under the rule concerning trials. The matter to be investigated and decided shall be the fitness of the petitioner to resume the practice of law.
(6) Hearing, notice, evidence.
(a) Notice. The committee or referee to whom the petition for reinstatement is referred shall fix a time and place for hearing, and notice thereof shall be given at least ten (10) days prior to the hearing to the petitioner, to attorneys representing The Florida Bar, and to such other persons as may be designated by any member of the committee or the referee to which the petition is referred.
(b) Appearance. Any of said persons to whom notice is given, any other interested person, or any local bar association, may appear before said committee in support of or in opposition to the petition at any time or times fixed for hearings thereon.
(c) Failure of petitioner to be examined. For the failure of the petitioner to submit to examination as a witness pursuant to notice given, the Board of Governors shall dismiss the petition for reinstatement unless good cause is shown for such failure.
(7) Prompt hearing; report. The committee or referee to which a petition for reinstatement has been referred by the Board of Governors shall proceed to a prompt hearing, at the conclusion of which it shall make and transmit to the Board of Governors a report which shall include the findings of fact and a recommendation as to whether or not the petitioner is qualified to resume the practice of law. Such report shall be in the form prescribed by the Board of Governors.
(8) Notice of reinstatement committee’s or referee’s report. When the report of the committee or referee is received at the office of the Executive Director in Tallahassee, a copy thereof shall be sent by the Executive Director to the petitioner and to the members of The Florida Bar representing the Bar and to each local bar association appearing in the proceeding. A copy of the letter of transmittal, bearing the date of mailing and the name of the person mailing the same, shall be retained in the office of The Florida Bar and shall be prima-facie evidence of the mailing thereof upon said date.
(9) Statement in opposition or support. At any time within ten (10) days after mailing of the notice of report the petitioner or the member of The Florida Bar representing the Bar or any local bar association may file in the office of The Florida Bar in Tallahassee an original and three (3) copies of a typewritten statement in support of or in opposition to the report.
(10) Judgment. After filing of said report, the Board of Governors shall review the petition, the findings and recommendations of the committee or referee and the record before such committee or referee and shall determine whether it shall support or oppose reinstatement. The Board shall file its recommendation, together with the record of proceedings, in the Supreme Court and shall serve a copy upon the petitioner. The Supreme Court shall then enter an appropriate judgment. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him in The Florida Bar; provided, however, that the judgment may make such reinstatement conditional upon the payment of all or parts of the costs of the proceeding, and upon the making of partial or complete restitution to parties harmed by the *898 petitioner’s misconduct which led to the termination of his membership in The Florida Bar; and further provided, however, that if the petitioner has been removed from membership in The Florida Bar for more than ten (10) years, the reinstatement may be conditioned upon the furnishing of such proof of competency as may he required by the judgment in the discretion of the Supreme Court, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of all examinations for admission to The Florida Bar subsequent to the entry of the judgment.
(11) Successive petitions. No petition for reinstatement shall be filed within one (1)year following an adverse judgment upon a petition for reinstatement filed by or on behalf of the same person.
RULE 11.12: CONFIDENTIAL NATURE OF PROCEEDINGS
All matters including files, preliminary investigation reports, inter-office memoran-da, records of investigations and the records in trials and other proceedings under these Rules, excepting only those matters in connection with proceedings initiated in circuit courts, are all property of The Florida Bar. All of such matters having to do with (1) investigation and other proceedings to determine probable cause, (2) trials upon a finding of probable cause, and (3) resignations pending disciplinary proceedings, shall be confidential to all parties participating therein or having knowledge thereof except as otherwise provided in these rules. All of such persons shall be admonished by the agency before whom they appear to observe the confidential nature of such proceedings. Provided, however, that the confidential nature of such proceedings is subject to the following exceptions:
(1) Public record. Those parts of proceedings prior to trial which are required to be served upon an accused, and the record of the proceeding as elsewhere defined, shall become public information in the following instances:
(a) Request of accused or respondent. If the accused or respondent shall file in the proceeding a request in writing that the proceedings he made public information.
(b) Circuit court. If the proceeding is in a circuit court; but proceedings in contempt of confidential proceeding shall preserve the confidentiality of the disciplinary proceeding as elsewhere provided.
(c) Judgment of suspension or disbarment. Upon entry of a judgment of suspension from practice, disbarment or of public reprimand.
(d) Review by Supreme Court. Upon the filing of a petition for review in the manner provided by the rule governing review by the Supreme Court.
(2) Resignation pending disciplinary proceedings. If an accused or respondent shall resign pending disciplinary proceedings which are confidential, such proceedings shall remain confidential except as follows: If the resigned member of The Florida Bar shall apply for readmission to The Florida Bar or for admission to the bar of any other jurisdiction, the Florida Board of Bar Examiners and the comparable body having jurisdiction of an application for admission in the other jurisdiction shall be given access to the files of The Florida Bar for the purpose of evaluating the applicant’s competency to practice law.
(3) Evidence of crime. The confidential nature of disciplinary proceedings and the oath given to witnesses therein shall not proscribe the filing of informations and the giving of testimony before grand juries by individuals having knowledge of facts indicating the commission of crime if such knowledge was obtained independently of disciplinary proceedings.
(4) Information concerning status of proceeding. No information concerning the pendency or status of an investigation or trial or other confidential matter shall *899 be given unless and until a record of the proceedings is filed with the Clerk of this Court or unless authorized by the Board of Governors; provided, however, that the chairman of a grievance committee may advise a circuit judge in confidence of the status of proceedings as to a particular accused or respondent.
RULE 11.13: ADDITIONAL RULES OF PROCEDURE
(1) Time is directory. Except as otherwise provided in these Rules of Discipline, the time intervals required are directory only and are not jurisdictional. Failure to observe such directory intervals may result in contempt of the agency having jurisdiction or of the Supreme Court, but will not prejudice the offending party except where so provided.
(2) Notice in lieu of process. Every member of The Florida Bar is within the jurisdiction of the Supreme Court and its agencies under these rules, and service of process is not required to obtain jurisdiction over respondents in disciplinary proceedings; but due process requires the giving of reasonable notice and such shall be effective by the service of the complaint upon the respondent by mailing a copy thereof by registered or certified mail return receipt requested to the last known address of the respondent according to the records of The Florida Bar or such later address as may be known to the person effecting the service.
(3) Subpoenas. Subpoenas for the attendance of witnesses and the production of documentary evidence other than before a circuit court shall be issued as follows:
(a) Referees. Subpoenas for the attendance of witnesses and production of documentary evidence before a referee shall be issued by the referee and shall be served in the manner provided by law for the service of process.
(b) Grievance Committees. Subpoenas for the attendance of witnesses and the production of documentary evidence before a grievance committee may be issued by any member of a grievance committee in pursuance of an investigation authorized by the committee. Such subpoenas may be served by any member of such committee or in the manner provided by law for the service of process.
(c) Reinstatement committees. Subpoenas for the attendance of witnesses and the production of documentary evidence before a reinstatement committee shall be issued by the chairman, vice-chairman or secretary of such committee, and shall be served in the manner provided by law for the service of process.
(d) Board of Governors. Subpoenas for the attendance of witnesses and the production of documentary evidence before the Board of Governors shall be issued by the Executive Director under the seal of The Florida Bar, and shall be served in the manner provided by law for the service of process.
(e) Confidential proceedings. If the proceeding is confidential a subpoena shall not name the accused or respondent but shall style the proceeding as “Confidential proceeding by The Florida Bar under the Rules of Discipline.”
(f) Contempt. Any person who without adequate excuse fails to obey such a subpoena served upon him may be cited for contempt of this court in the manner provided by this rule.
(4) Oath of witnesses. Every witness in every proceeding under these rules shall be sworn to tell the truth and not to disclose the existence of the proceeding nor the identity of the accused or respondent until the proceeding is no longer confidential under these rules. Violation of the oath shall be an act of contempt of this Court.
(5) Contempt. If an agency other than a circuit court shall find that a person is in contempt under these rules, such person *900 shall be cited tor contempt in the following manner:
(a) Petition for rule to show cause. The agency shall direct bar counsel, or chairman of the agency if there is no bar counsel serving in the matter in which the contempt occurs, to present to the circuit court having jurisdiction a petition for the issuance of a rule to show cause why the person so accused should not be held in contempt of this Court.
(b) Confidentiality. If the proceeding in which the contempt occursf is a confidential proceeding, the confidentiality shall be preserved in the contempt proceeding in the following manner: Pleadings shall be styled “Proceeding by The Florida Bar under the Rules of Discipline, The Florida Bar v. (name of accused in contempt proceeding).” No pleadings or matters shall be filed with the clerk of the circuit court; instead all such matters shall be presented to the circuit judge hearing the same and shall be returned to the agency upon completion of the contempt proceedings and then filed with the Executive Director. Docket entries and sentences or judgments in contempt proceedings, if entered in the office of the clerk of the circuit court, shall be styled as provided for pleadings and shall make no references to the accused or the respondent in the disciplinary proceeding in which the contempt occurred. If the name of the accused or respondent shall become of public record, the court having jurisdiction in the contempt proceeding shall take appropriate steps to preserve the confidentiality of the disciplinary proceedings, and shall consider whether or not the person responsible for the making of the name of the accused or respondent of public record is also guilty of contempt under these Rules of Discipline.
(c) Appellate review. A judgment in such contempt proceedings may be appealed by either party in the manner provided in the rule on appellate review, except that a copy of the petition for appeal shall not be filed with the clerk of the circuit court, and the record shall be forwarded by the judge or the agency possessing the same.
RULE 11.14: DISCIPLINARY PROCEEDINGS IN CIRCUIT COURTS
(1) Disciplinary matters in district courts of appeal and circuit court. Whenever it shall be made known to any of the judges of the district courts of appeal or any judge of a circuit court in this state that a member of The Florida Bar practicing in any of the courts of his district or judicial circuit has been guilty of any unprofessional act as defined by this Integration Rule or the code of ethics adopted by this Court, such judge may direct the state attorney for the circuit in which such attorney shall have his office to make in writing a motion in the name of the State of Florida to discipline such attorney setting forth in the motion the particular act or acts of conduct for which the attorney is sought to be disciplined.
(2) Copy served upon accused. Upon the filing of such motion a copy thereof shall be served upon the accused attorney and he shall within ten (10) days after the service thereof, file his answer thereto. A copy of such motion shall be filed with the Executive Director of The Florida Bar at the time of service upon the accused attorney.
(3) Trial before a circuit judge. Upon the filing of the answer the presiding judge of thé judicial circuit in which the accused attorney’s office is located shall designate one of the judges thereof to try and determine said cause. Such judge shall conduct a hearing thereon and shall hear the evidence to be offered by the State of Florida and the accused. A representative or representatives of The Florida Bar, appointed by the Board of Governors of- The Florida Bar, shall have the right to be present and to observe the proceedings. Upon the conclusion of said hearing, said judge shall enter such judgment of dismissal, reprimand, probation, suspension or disbarment as shall be appropriate to the circumstances.
*901 The parties shall be entitled to compulsory process to force the attendance of any witnesses.
(4) Judgment filed in Supreme Court. If the judgment be one of public reprimand, suspension or disbarment, three (3) certified copies of the same shall he forthwith filed by the clerk of the trial court with the Clerk of the Supreme Court of Florida. The Clerk of the Supreme Court shall retain one (1) copy for his records, deliver to the Executive Director of The Florida Bar one (1) copy of said judgment for his official records, and shall forthwith serve the third copy upon the accused attorney.
(5) Petition for appellate review. The respondent may appeal from a judgment entered by a circuit court. Such appeal shall be made in the manner provided by the rule on appellate review.
(6) Duty to expedite proceedings. It shall be the duty of the state attorney who is directed to file said motion to file the same promptly and to dispose of said controversy expeditiously.
(7) Concurrent jurisdiction of The Florida Bar. The jurisdiction of the district courts of appeal and circuit courts created by this rule and the procedure herein outlined shall be concurrent with that of The Florida Bar under the preceding portions of these Rules of Discipline. The forum first asserting jurisdiction in a disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.
(8) Reinstatement. Reinstatement of attorneys disbarred by proceedings in circuit courts shall be governed by the rule on reinstatement.
RULE 11.15: STATUTES SUPERSEDED
These Rules of Discipline shall supersede such parts of Sections 454.18, 454.31 and 454.32, Florida Statutes 1967, F.S.A., as are in conflict herewith.

. By its Order dated June 24, 1969, this Court granted the Petition of The Florida Bar for further amendments to Buies 11.03(2) (d) and 11.09(3) (a) of Article XI. The revised Article XI attached as an exhibit to this Opinion reflects the amendments provided for by the Order of June 24, 1969.