PER CURIAM.
We have for consideration a judgment of the Board of Governors of The Florida Bar recommending disciplinary action against the respondent. This cause was initiated prior to institution of the new rules; see In re The Florida Bar, 225 So.2d 881 (Fla.1969).
The pertinent provisions of the judgment are as follows:
“The Florida Bar’s Complaint charges that respondent received trust funds on behalf of clients in five separate cases and that he has failed to promptly account for said funds and disburse them according to his clients’ directions. It should be observed that the respondent was most cooperative in these proceedings and counsel were able to stipulate to a great deal of the record.
“The amounts of money withheld were not great, but the seriousness of the offense should be recognized. Four of the charges involved mishandling of awards or settlements received by respondent’s clients in connection with automobile accident litigation. The fifth claim involved the proceeds of the sale of real estate which he handled as attorney for the executors of an estate. In each case the referee found that the respondent failed to properly handle such funds and to account to his clients. The referee did not find embezzlement or misappropriation of trust funds.
“The Board of Governors approves the findings of fact of the referee. It is unable to approve of the recommendation of the referee of a private reprimand to be followed by a period of probation and supervision of the respondent’s practice.
“Accordingly, the Board concurs in the referee’s findings of guilt and directs that this judgment of public reprimand be filed according to the Rule and that the respondent pay the costs of these proceedings in the amount of $529.50.”
Respondent has appeared before this Court with the argument that the Board of Governors was unjustified in increasing the discipline recommended by the referee since the recommended discipline was suggested by joint stipulation of counsel for the respondent and The Bar. However, we agree with the Board of Governors that respondent’s recent change of status from private practitioner to an official of the Industrial Relations Commission makes the recommended terms of probation impractical. The recommended discipline was for a public reprimand which *98 was to be held in abeyance pending satisfaction of a strict probationary regimen; this regimen cannot now be administered. A different result might have obtained here had petitioner’s offenses not been so numerous.
The judgment appealed from is affirmed, and respondent is directed to bear the costs of these proceedings in the amount of $529.50. Publication of this opinion shall constitute sufficient reprimand.
It is so ordered.
ERVIN, C. J., THORNAL, CARLTON and BOYD, JJ., and MASON, Circuit Judge, concur.