PER CURIAM.
This Bar disciplinary matter comes on to be reviewed under Rule 11.09(3), Integration Ride (1969), 32 F.S.A. In Matter of The Florida Bar, 225 So.2d 881 (Fla.1969).
The report of the referee, filed directly in this Court found the respondent Ronald J. Anderson guilty of: (1) accepting a fee for services to be rendered but failing to perform the services or return the fee; (2) accepting a fee to represent a client in the Metropolitan Traffic Court but failing to represent him, thereby causing the client’s arrest and jailing on a bench warrant, posting of an additional appearance bond and employment and paying of another lawyer; (3) accepting a fee to represent a client in a criminal case but failing to do so thereby forcing the client to employ and pay another lawyer. Respondent wrongfully claimed that he bribed the judge.
None of these fees collected by respondent were ever returned to the clients. The referee found the lawyer unworthy of the trust imposed upon attorneys and recommended that he be disbarred. It is stipulated here that the charges were proved .and that the recommendation of guilt be approved. The Bar agrees that the discipline be disbarment but not of a permanent nature.
The findings of the referee are approved. The respondent Ronald J. Anderson is hereby disbarred from the practice of law in Florida for an indefinite period. He shall also pay the cost of this proceeding in the amount of $522.25.
It is so ordered.
ERVIN, C. J. and THORNAL, CARLTON, ADKINS and BOYD, JJ„ concur.